## IN THE CIRCUIT COURT OF ARKANSAS FOR LAWRENCE COUNTY
## CIVIL DIVISION

| | | |
|---|---|---|
| **ALFRED MARSHALL** | FILED | **PLAINTIFF** |
| v. | JUN 28 2019 10:24 Am | No. CV-2019-87 |
| | Circuit Clerk | |
| **SIGMA LOGISTICS, INC. and** | Lawrence Co., AR | |
| **KAWAND WILLIAMS** | | **DEFENDANTS** |

### COMPLAINT FOR DAMAGES

**COMES NOW** the Plaintiff Alfred Marshall, by and through undersigned attorney and hereby files this Complaint for Damages against Defendants Sigma Logistics, Inc. and Kawand Williams, and would show the Court as follows:

### PARTIES

1. Plaintiff Alfred Marshall (hereafter "Mr. Marshall or Plaintiff") is an adult resident of Jonesboro, Clayton County, Georgia.

2. Upon information and belief, Defendant Sigma Logistics, Inc. (hereafter "Defendant Sigma"), is a foreign for profit corporation in Aliceville, Alabama and who regularly does business in the state of Arkansas, whose principal address is 4525 Warshaw Road #85, Aliceville, Alabama 35442, and can be served with process through its registered agent Tarrence Houston, 55 Chamisa Road, Suite B, Covington, Georgia 30016.

3. Upon information and belief, Defendant Kawand Williams (hereafter "Defendant Williams") is an adult resident citizen of Gainesville, Sumter County, Alabama and can be served with process at 72 Williams Road, Apt. #16D, Gainesville, Alabama 35464.

**EXHIBIT 1**

1

4. Plaintiff's cause of action arises in tort, as a result of injuries sustained due to the negligent operation of a commercial vehicle driven by Defendant Williams in Lawrence County, Arkansas on or about May 23, 2018.

## JURISDICTION AND VENUE

5. Venue is properly situated in Lawrence County pursuant to ARK. CODE ANN. 16-60-112(a), as the injuries sustained by Plaintiff occurred in Lawrence County, Arkansas.

6. This Court has subject matter jurisdiction over the causes of action pled herein.

7. All events which form the basis of this Complaint for Damages are based in tort and occurred in Lawrence County, Arkansas.

8. Defendant Sigma was properly served with process.

9. Defendant Williams was properly served with process.

## FACTS

10. On or about May 23, 2018, Defendant Williams was operating a 2015 Volvo 18-wheeler, while in the course and scope of his employment with Defendant Sigma, and was traveling southbound on US Highway 63 in Lawrence County, Arkansas.

11. Mr. Marshall was a passenger in the commercial vehicle with Defendant Williams, and was in the course and scope of his employment with Defendant Sigma.

12. The 2015 Volvo was licensed and registered to Defendant Sigma.

13. Defendant Williams left the roadway causing the 18-wheeler to drive off of the road and into a power line.

14. Upon information and belief, Defendant Williams fell asleep while operating the commercial vehicle causing the 18-wheeler to drive off of the road and into a power line.

15. Alternatively, Defendant Williams was under the influence of a controlled substance while operating a commercial vehicle.

16. As a result of the impact, Mr. Marshall sustained serious, life threatening injuries and damages, including but not limited to acute lumbar sprain/strain with associated myofascial pain; left shoulder sprain/strain and contusion; left/right knee sprain/strain and contusion; left shoulder sprain/strain and contusion; protruding discs in the lumbar spine and torn meniscus in the right knee.

17. At all times pertinent to this Complaint, Defendant Sigma was acting through their agent, servant, employee and/or independent contractor, specifically, their employee, Defendant Williams, and therefore, the Plaintiff relies on the doctrine of Respondeat Superior.

18. Defendant Sigma is the true owner(s) of the commercial vehicle that Defendant Williams was operating at the time of the crash.

19. Plaintiff pleads that Defendant Williams was operating the above referenced commercial vehicle under Defendant Sigma's direct authority, consent and knowledge.

20. There was nothing that the Plaintiff could have done to avoid or minimize the collision or the damages resulting therefrom.

21. The collision was foreseeable to Defendants Williams and Sigma and could have been avoided had said Defendants acted in a safe and prudent manner as required by Arkansas law and in accordance with the standards required of professional truck drivers and motor carriers.

22. At the time of the subject crash, Defendant Williams had a duty to drive in conformance with the Federal Motor Carrier Safety Regulations and Arkansas law as well as the industry and corporate standards and guidelines emanating from these safety regulations and Arkansas law,

including, but not limited to, the Required Knowledge and Skills set forth in 49 CFR Sections 383.111 and 383.113 as well as the mandates of 49 CFR Sections 390-395.

## COUNT I
## NEGLIGENCE
## on Kawand Williams

23. Plaintiff reincorporates paragraphs 1-22 as though set forth verbatim.

24. Defendant Williams had a duty to operate his commercial vehicle in a safe and prudent manner in accordance with his training as a professional commercial motor vehicle driver and so as not to endanger the lives and welfare of the Plaintiff and the motoring public. This duty included keeping a proper lookout, paying attention, keeping a safe distance from vehicles in front and beside of him, and operating his commercial vehicle at a reasonable and prudent speed in accordance with the conditions of the roadway and all traffic laws and regulations.

25. As a professional truck driver, Defendant Williams also had a duty to operate his commercial vehicle in accordance with the standards required of commercial vehicle drivers and in accordance with the required skills and knowledge set forth in 49 CFR Sections 383.111 and 383.113; the mandates of 49 CFR Sections 390-395; and industry and corporate standards and guidelines that emanate from these safety regulations.

26. As a professional truck driver subject to the Federal Motor Carrier Safety Regulations, Defendant Williams also had a duty not to operate any commercial motor vehicle while he has any untreated sleep issues or sleep disorders.

27. Defendant Williams breached those duties and is liable for his tortious acts and omissions, which include, but are not limited to, the following:

    (a)    Failing to keep a lookout for vehicles and traffic ahead;
    (b)    Failing to perform a proper visual search;
    (c)    Failing to properly manage his space;
    (d)    Failing to drive at a safe and reasonable speed under the conditions;

(e) Failing to drive defensively;
(f) Operating a commercial vehicle while distracted;
(g) Operating a commercial vehicle while fatigued;
(h) Operating a commercial vehicle while under the influence of a controlled substance;
(i) Failing to operate the commercial vehicle in a safe and prudent manner, thereby placing the lives and well-being of the public in general, Mr. Marshall, in grave danger;
(j) Failing to adhere to safe driving principles expected of professional drivers;
(k) Failing to operate the commercial vehicle in accordance with generally accepted safety principles for professional drivers and/or the commercial vehicle industry;
(l) Failing to operate the commercial vehicle in a safe and prudent manner in view of the conditions that existed at the time of the subject collision;
(m) Failing to test for sleep apnea and other sleep disorders after falling asleep at the wheel of a commercial motor vehicle;
(n) Otherwise failing to act reasonably and prudently as a professional driver should under the circumstances; and
(o) Such other specifications of negligence that shall be added by amendment or proven at trial.

28. As a result of the foregoing breaches of duties, Plaintiff suffered injuries and damages to be hereinafter set out with more particularity.

29. Upon information and belief, Defendant Williams is guilty of violating one or more of the following statutes of the State of Arkansas, each and every such statue being in full force and effect at the time and place of the collision herein:

a. A.C.A. §27-51-104. Careless and prohibited driving; and

b. A.C.A. §27-50-308. Reckless driving.

30. As a direct and proximate result of Defendant Williams' negligence, Plaintiff suffered significant and serious injuries, including but not limited to acute lumbar sprain/strain with associated myofascial pain; left shoulder sprain/strain and contusion; left/right knee sprain/strain and contusion; left shoulder sprain/strain and contusion; protruding discs in the lumbar spine and torn meniscus in the right knee.

31. Defendants Sigma Logistics and Williams had a duty to promulgate and enforce rules and regulations to ensure its driver and vehicle was reasonably safe, and negligently failed to do so.

32. As a direct and proximate result of the Defendants' negligence, Plaintiff suffered significant and serious injuries, which would not have otherwise occurred.

33. The above-referenced acts of negligence of the Defendants were the cause, in fact, and proximate cause of the incident described in this Complaint, which resulted in the Plaintiffs suffering significant physical and emotional injuries and damages including but not limited to acute lumbar sprain/strain with associated myofascial pain; left shoulder sprain/strain and contusion; left/right knee sprain/strain and contusion; left shoulder sprain/strain and contusion; protruding discs in the lumbar spine and torn meniscus in the right knee.

34. At all times relevant, the commercial vehicle referenced above being operated by Defendant Williams was being operated and used with the authority, consent and knowledge and/or as an agent for Defendants Sigma, and/or for its use and benefit and/or as an agent for said Defendant, for a business purpose. Thus, Sigma is liable to the Plaintiff for the negligence and negligence *per se* of Defendant Williams pursuant to the principles of *respondeat superior*, agency, and bailment.

### COUNT II
### Respondeat Superior Against Defendant Sigma

35. Plaintiff(s) incorporates herein by reference the allegations of Paragraphs 1-34 of this Complaint as if each were fully set forth herein in their entity.

36. At all times material hereto, Defendant Williams was acting within the course and scope of his employment or agency with Defendant Sigma and was furthering the business interests of Defendant Sigma.

37. Defendant Sigma is liable under the doctrine of *respondeat superior* and the rules of agency for the tortious acts and omissions of their agents, employees, members, representatives, servants, or contractors. These acts and omissions include, but are not limited to, the acts and omissions committed by Defendant Williams on May 23, 2018, which are described above and were committed within the course and scope of his agency or employment with Defendant Sigma.

38. As a result of the foregoing breaches of duties, Plaintiff suffered the losses and injuries noted herein.

39. Alone or in conjunction with the negligence of other Defendant(s), Defendants Williams and Sigma's negligence proximately caused the injuries to Plaintiff including but not limited to acute lumbar sprain/strain with associated myofascial pain; left shoulder sprain/strain and contusion; left/right knee sprain/strain and contusion; left shoulder sprain/strain and contusion; protruding discs in the lumbar spine and torn meniscus in the right knee.

40. Defendant Sigma is liable to Plaintiff for all damages allowed by law for the injuries, damages and losses sustained by the Plaintiff as a result of the negligence of Defendant Williams and/or their own independent negligence.

### COUNT III
### NEGLIGENCE
### on Sigma

41. Plaintiff incorporates herein by reference the allegations of Paragraphs 1-40 of this Complaint as if each were fully set forth herein in their entity.

42. As an employer, Defendant Sigma is <u>independently</u> negligent in hiring, qualifying, training, entrusting, supervising and retaining Defendant Williams in connection with his

operation of a commercial vehicle and for otherwise failing to act as a reasonable and prudent employer and motor carrier would under the same or similar circumstances.

43. Defendant Sigma failed to ensure that their commercial and driver complied with federal and state laws and regulations.

44. Defendant Sigma failed to properly inspect, maintain, service, or repair the commercial vehicle that Defendant Williams was operating.

45. As an employer and motor carrier, Defendant Sigma had certain duties and responsibilities as defined by the Federal Motor Carrier Safety Regulations, other federal law and regulations, Arkansas law and industry standards including:

- (a) The duty to properly qualify Defendant Williams;
- (b) The duty to properly train Defendant Williams;
- (c) The duty to properly inspect and maintain its vehicles;
- (d) The duty to make sure its employees are medically able to operate commercial vehicles;
- (e) The duty to prevent its employees from operating a commercial vehicle while they have any untreated sleep conditions or disorders; and
- (f) The duty to otherwise establish and implement necessary management controls and systems for the safe operation of its commercial vehicle.

46. Defendant Sigma was <u>independently</u> negligent in failing to meet their duties and responsibilities under the Federal Motor Carrier Safety Regulations, other federal law and regulations, Arkansas law and industry standards.

47. As a result of the foregoing breeches of duties, Plaintiff suffered the losses and injuries noted herein.

48. Alone or in conjunction with the negligence of the other Defendants, Defendant Sigma's negligence proximately caused the injuries to Plaintiff.

49. Defendant Sigma is liable to the Plaintiff for all damages allowed by law for the injuries, damages and losses sustained by the Plaintiff as a result of the negligence of Defendant Williams and/or their own independent negligence.

## NEGLIGENT ENTRUSTMENT

50. Upon information and belief, Defendant Sigma furnished and/or gave permission to Defendant Williams to use the commercial vehicle described above and thus were negligent in entrusting the operation of said commercial vehicle, believed to be owned by Defendant Sigma, which was the direct and proximate cause of the damages to Plaintiff.

51. At all times relevant, the commercial vehicle described above driven by Defendant Williams was entrusted to him by Defendant Sigma, in spite of Defendant Williams' incompetence to use it and Defendant Sigma's knowledge of his incompetence. Thus, Defendant Sigma is liable to the Plaintiff for the negligent entrustment of the commercial vehicle to Defendant Williams.

## NEGLIGENT HIRING

52. Defendant Sigma negligently hired, retained, and/or was negligent in its supervision of Defendant Williams in the course and scope of his duties as an agent/employee of said Defendant.

53. That Defendant Sigma's hiring practices fall below the applicable standard of care, and result in a breach of duty to the other drivers on the road by putting untrained and unqualified drivers behind the wheel of their vehicle.

## NEGLIGENT SUPERVISION

54. That Defendant Sigma failed to adequately supervise and train its employees/agents, and in particular Defendant Williams, which resulted in injury to Plaintiff.

## COMPENSATORY DAMAGES

55. Plaintiff reincorporates paragraphs 1-54 as though set forth verbatim.

56. As a direct and proximate result of the negligence of Defendant Williams, Plaintiff suffered the following injuries and damages:

   a. Severe and permanent injury, caused, precipitated and/or aggravated by the wrongs complained herein;
   b. Great fright and shock;
   c. Great physical pain and suffering, both past and future;
   d. Great mental and emotional anguish, both past and future;
   e. Medical expenses, both past and future;
   f. Loss of earnings and earning capacity in the future; and
   g. The inability to enjoy the normal pleasures of life, both past and future.

## RELIEF SOUGHT

WHEREFORE PREMISES CONSIDERED, Plaintiff respectfully prays:

1. That Plaintiff be awarded the present cash value of any medical care and treatment that Plaintiff has undergone, or will have to undergo;

2. That Plaintiff be awarded special damages for medical, hospital and doctors expenses incurred, and lost wages according to proof;

3. That Plaintiff be awarded compensatory damages in an amount exceeding that necessary for diversity jurisdiction;

4. That Plaintiff be awarded post-judgment interest as allowed by law;

5. Such further relief as the Court may deem just and equitable.

## REQUEST FOR JURY TRIAL

Plaintiff respectfully requests a jury trial pursuant to ARK. R. CIV. P. 38 on all issues.

Respectfully submitted,

**MORGAN & MORGAN MEMPHIS, LLC**

_[signature]_
William T. Hackett (AR BPR 2013090)
One Commerce Square, 26th Floor
Memphis, Tennessee 38103
Phone: (901) 333-1817
Fax:    (901) 524-1797
Email: whackett@forthepeople.com
*Attorney for Plaintiff*

*11*